

Maurice B. VerStandig, Esq.
Sender's Direct Dial: (301)444-4600
Sender's E-mail: mac@mbvesq.com

June 21, 2024

**VIA ELECTRONIC MAIL**
John E. Reid, Esq.
Martin Law Group, P.C.
8065 Leesburg Pike, Suite 750
Vienna, VA 22182
jack@martinlawgroup.com

**Re: 1616 27th Street Flats L.L.C.**
**Case No. 24-221-ELG (Bankr. D.D.C. 2024)**

Mr. Reid,

As you are aware, the undersigned and this firm represent WCP Fund I LLC ("WCP") in connection with the above-referenced bankruptcy of 1616 27th Street Flats L.L.C. (the "Debtor"). We look forward to working with you throughout the duration of this case and, while disappointed to see the Debtor again petitioning for bankruptcy relief, are optimistic the case may be administered in a fashion that genuinely looks out for the best interests of creditors and maximizes a return to all claim holders.

In that spirit, I write to ensure you are aware that the Debtor holds a claim, in the sum of approximately $3,051,944.08, against Richard Cunningham ("Mr. Cunningham"), an insider of the entity. In 2023, in settlement of various claims against the Debtor, related entities, Mr. Cunningham, and other individuals, the Debtor jointly executed a promissory note in the principal sum of $3,000,000.00, a copy of which is attached to the proof of claim my client has filed in this case. As noted in the same proof of claim, that promissory note has since accrued interest.

The Debtor, however, appears to have been only compelled to execute this promissory note in settlement of various claims instigated by the fraudulent conduct of Mr. Cunningham on behalf of the Debtor, himself, and others. Specifically, and without limitation, had Mr. Cunningham not forged myriad documents in furtherance of the procurement of credit, it is highly unlikely suit for racketeering would have been brought against the Debtor and related entities, just as it is highly unlikely the ultimate settlement would have been reached. The Debtor, quite simply, would not have had liability in tort but for the actions of Mr. Cunningham in his capacity as an agent of the Debtor and other entities.

Given the clear fault of Mr. Cunningham in orchestrating events that beget the Debtor's obligation on the aforementioned promissory note, it certainly appears the Debtor holds a claim against Mr. Cunningham—potentially alongside Mr. Cunningham's spouse and other related



9812 Falls Road
#114-160
Potomac, Maryland 20854

1452 W. Horizon Ridge Pkwy
#665
Henderson, Nevada 89012




persons and entities—for contribution. *See, e.g.*, *Est. of Kurstin v. Lordan*, 25 A.3d 54, 63 (D.C. 2011) (discussing the foundational elements of a claim for contribution).

The foregoing considered, and on behalf of the largest creditor in this case, please let me know as promptly as possible—and in no event later than Friday, July 5, 2024—if the Debtor will be pursuing a claim for contribution against Mr. Cunningham, Mr. Cunningham's spouse, or any of the other joint tortfeasors whose actions beget liability on the part of the Debtor. We sincerely believe such a claim marks the best—if not only—mechanism for the Debtor to truly recover monies sufficient to make a material distribution to unsecured creditors herein, and we are accordingly quite firmly of the hope that the Debtor will discharge its fiduciary duty in pursuing such a claim zealously and promptly.

Sincerely,

Maurice "Mac" VerStandig, Esq.
*For the Firm*

cc: Kristen Eustis, Esq. (via electronic mail to Kristen.S.Eustis@usdoj.gov)
John Sadler, Esq. (via electronic mail to Sadlerj@ballardspahr.com)
Jeffrey Martin, Esq. (via electronic mail to jeff@martinlawgroupva.com)
Justin Fasano, Esq. (via electronic mail to jfasano@mhlawyers.com)



**9812 Falls Road**
**#114-160**
**Potomac, Maryland 20854**

**1452 W. Horizon Ridge Pkwy**
**#665**
**Henderson, Nevada 89012**