IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** <br><br> **1616 27th Street Flats L.L.C.,** <br><br> **Debtor.** | **Case No. 24-00221-ELG** <br><br> **Chapter 11** |

### U.S. TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE, WITH PREJUDICE

Gerard R. Vetter, Acting United States Trustee for Region 4, by counsel, moves this Court to convert this chapter 11 case to chapter 7 or in the alternative, to dismiss this case, with prejudice, whichever is in the best interests of the creditors and the estate.

In support of this motion the following representations are made:

1. The Court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2. This is a core matter.  28 U.S.C. § 157(b)(2)(A).

3. On June 20, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Columbia (the "Court"). The Petition was not accompanied by Schedules or the Statement of Financial Affairs.

4. On June 26, 2024, this Court entered a Stipulation and Consent Order Granting Relief from the Automatic Stay ("Stipulation") as to the Debtor's property located at 1616 27th Street SE, Washington, DC 20020.

Kristen S. Eustis, Trial Attorney
Federal Bar No. MD28984
Office of the United States Trustee
1725 Duke St., Suite 650
Alexandria, VA 22314
(703) 557-7227- Direct Dial
Kristen.S.Eustis@usdoj.gov

1

5. The Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides that when a movant establishes cause, the Court shall either convert to chapter 7 or dismiss a case filed under this chapter based on whichever is in the best interests of creditors and the estate.

6. At the time of filing this Motion, the Debtor has failed to provide any of the requested documents by the U.S. Trustee, including but not limited to copies of insurance policies, copies of financial statements, federal tax returns, and pre-petition bank statements, evidence of closing pre-petition bank accounts, and opening of new DIP accounts.

7. Additionally, as of the date of this Motion, the Debtor has not filed any of its Schedules or Statement of Financial Affairs, which were due on July 5, 2024. The Debtor has not sought an extension of time within which to file the Schedules and Statements.

## Argument

The Court, for cause, after notice and hearing, may dismiss or convert a case to a case under chapter 7, whichever is in the best interests of the creditors and the estate. 11 U.S.C. § 1112(b)(1).

Under 11 U.S.C. § 1112(b)(4)(F) cause exists where "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter". The Debtor has taken no effort to prosecute this case. The Debtor has failed to file its Schedules or Statement of Financial Affairs which were due on July 5, 2024. No motion to extend time to file Schedules or Statements has been filed. Failure to file these Schedules is grounds for conversion or dismissal of the case. Additionally, in the Debtor's previous chapter 11 bankruptcy case, Case No. 23-00024-ELG (jointly administered under Case No 23-00017-ELG), the Debtor defaulted under the confirmed Plan by failing to timely refinance the Note with Forbright Bank. Pursuant to the Stipulation, the Debtor has consequently granted relief from the automatic stay to the lender, Forbright Bank, as to its real property.

Under 11 U.S.C. § 1112(b)(4)(H) cause exists for "failure timely to provide information or attend meetings reasonably requested by the United States Trustee." As of the date and time of filing this Motion, the U.S. Trustee has not received any of the requested documents by the U.S. Trustee, including but not limited to copies of insurance policies on the real property, copies of financial statements, federal tax returns, and pre-petition bank statements, evidence of closing pre-petition bank accounts, and opening of new DIP accounts. Failure to provide such basic information is cause for conversion or dismissal of the case.

The Debtor has also failed to comply with this Court's Notice of Case Filing Deficiency (Doc. No. 3), which notified the Debtor on June 21, 2024 that the case could be dismissed for failure to file the Schedules, Statements, Certificate or Resolution demonstrating that the filing is authorized by the Debtor, and Disclosure of Compensation of Counsel for the Debtor. Given that these documents remain outstanding, the Court should dismiss or convert the case.

As the U.S. Trustee has established a *prima facie* case that "cause" exists to convert or dismiss this case, the burden shifts to the Debtor to demonstrate that "unusual circumstances" exist that establish that converting or dismissing the case is not in the best interests of creditors and the estate to avoid the mandatory conversion or dismissal of their case. *See* 11 U.S.C. § 1112(b)(2). For the exception to apply, the court must find and specifically identify unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate. *Id.* The debtor or another party in interest must then: (1) establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time; and (2) that the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—(i) for which there exists a reasonable justification for the act or omission; and (ii) that it will be cured within a reasonable period of time fixed by the court. *Id.*; *See In re*

3

*Landmark Atl. Hess Farm, LLC,* 448 B.R. 707 (Bankr. D. Md. 2011). The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that either conversion or dismissal of this case in not in the best interest of creditors and the estate.  Given that this is the Debtor's second bankruptcy filing, and the complete disregard by the Debtor to comply with its requirements under the Code and Rules and this Court's Notice, the U.S. Trustee requests that any dismissal of this case be with prejudice for a period of two-years.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order converting this case to a case under chapter 7 of the Bankruptcy Code or dismiss this case with prejudice.

July 9, 2024

GERARD R. VETTER

ACTING U.S. TRUSTEE, REGION 4

By: */s/ Kristen S. Eustis*
Kristen S. Eustis, Trial Attorney
Federal Bar No. MD28984
Office of the United States Trustee
1725 Duke St., Suite 650
Alexandria, VA 22314
(703) 557-7227- Direct Dial
Kristen.S.Eustis@usdoj.gov

**Certificate of Service**

       I hereby certify that on July 9, 2024, I electronically filed the foregoing Motion to Convert or Dismiss with the Clerk of the Court and served it via the Court's CM/ECF system upon all counsel who have entered an appearance in the case:

Kristen S. Eustis Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov

John E. Reid jack@martinlawgroup.com

John D. Sadler Sadlerj@ballardspahr.com, andersonn@ballardspahr.com

U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV

Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com; mac@dcbankruptcy.com; verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

       I further certify that on July 9, 2024, a copy of the foregoing Motion was served by first class mail, postage prepaid to the Debtor's List of Creditors who have the 20 Largest Unsecured Claims, as listed below:

No creditors listed on Debtor's List of 20 Largest Unsecured Claims.

                                        */s/ Robert W. Ours*
                                        Robert W. Ours
                                        Paralegal Specialist