# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **In the Matter of:** : | |
| : | |
| **1616 27th Street Flats, L.L.C.,** : | **Chapter 11** |
| : | |
| : | **Case No. 24-000221-ELG** |
| **Debtor.** : | |
| : | |

## OPPOSITION TO MOTION FOR DERIVATIVE STANDING

COMES NOW Debtor 1616 27th Street Flats, L.L.C., ("Debtor"), hereby submits this Opposition to the Motion for Derivative Standing (the "Motion") filed by WCP Fund I, LLC ("WCP" or "Movant"), a creditor herein, and states as follows:

### BACKGROUND

1. Debtor is a single-asset entity engaged in the business of renting housing units in the District of Columbia: 1616 27th Street, SE, Washington, DC 20020 (the "Property").

2. Beginning in 2022, Debtor fell behind on its payments to creditors, including to the Movant.

3. With a foreclosure sale of the Debtor's sole asset looming, Debtor filed a petition for Chapter 11 bankruptcy protection on January 16, 2023. *See In re: 1616 27th Street Flats, L.L.C.*,

---

Jeffery T. Martin, Jr., Bar No. VA18328
John E. Reid, D.C. Bar No. 473541
Martin Law Group, P.C.
8065 Leesburg Pike
Suite 750
Vienna, VA 22182
703-834-5550 Office
jeff@martinlawgroup.com
jack@martinlawgroup.com
Counsel for Debtor

Case No. 23-00024-ELG. The Debtor's case was later jointly administered with other single-asset cases in *In re 1716 R Street Flats LLC*, Case No. 23-00017-ELG.

4. Debtor and its creditors entered into a settlement agreement ("Settlement Agreement") docketed on June 26, 2023. *See In re 1716 R Street Flats LLC*, Case No. 23-00017-ELG at DE #126.

5. Under the terms of the Settlement Agreement, WCP agreed to release its liens against the Debtor's Property.

6. In return for WCP's release, Debtor executed a $3 million promissory note, accruing interest at the rate of 2% per annum, in favor of WCP. Richard Cunningham, among others, guaranteed the repayment of the note. The note is due in three years.

7. This court approved the Settlement Agreement by order dated August 23, 2023. *Id*. at DE #170.

8. The Second Amended Joint Plan of Reorganization incorporating the terms of the Settlement Agreement was confirmed by the court on July 24, 2023.

9. Debtor is not in default on the Settlement Agreement.

10. During its efforts to refinance a loan secured by the Property, Debtor again faced foreclosure of its sole asset, and filed the present case.

## LEGAL STANDARD

11. The Bankruptcy Code is devoid of support for "derivative standing" for a creditor in a Chapter 11 case. A creditor's remedy of derivative standing is granted by courts on a case-by-case basis using several factors applied to the facts of that specific case.

12. Movant cites several cases to support its argument for derivative standing none of which are applicable to the facts at hand: *In re Yelverton*, 2012 WL 1229752, at *2 (Bankr. D.D.C. Apr. 12, 2012) (*citing In re McGuirk*, 414 B.R. 878, 880 (Bankr. N.D. Ga. 2009); *In re Cooper*, 405 B.R. 801 (Bankr. N.D. Tex. 2009)). The *Yelverton* case helpfully recites several factors to be applied when considering a creditor's motion for derivative standing.

> [T]o establish derivative standing, a creditor must show: (1) it petitioned the trustee to bring the claims and the trustee refused; (2) its claims are colorable; (3) it sought permission from the bankruptcy court to initiate an adversary proceeding; and (4) the trustee unjustifiably refused to pursue the claims.

*In re Yelverton* at 9.

For the reasons stated herein, Debtor argues that none of the *Yelverton* factors have been satisfied in the present case and that there is no basis to grant the Motion.

13. Movant also cites *In re Hightower*, Case No. 13-646-SMT (Bankr. D.D.C. 2013) in support of its motion. However, the facts of the *Hightower* case are not remotely relevant to the facts present in this case and thus not helpful to the court in weighing the motion for derivative standing. In *Hightower*, the debtor conceded fraudulent conduct in an adversary proceeding and the trustee refused to take action despite a looming expiration of the statute of limitations. In this case, the Debtor and the Movant settled the previous adversary case with an enforceable Settlement Agreement wherein neither party admitted liability.

14. Assuming *arguendo* that the Court determines that the Debtor has refused to take action against Mr. Cunningham for the potential claims asserted by the Movant, *Yelverton* mandates a cost-benefit analysis as follows:

> (1) the probabilities of legal success and financial recovery in event of success; (2) the creditor's proposed fee arrangement; and (3) the anticipated delay and expense to

3

the bankruptcy estate that the initiation and continuation of litigation will likely produce.

*In re Yelverton* at 10.

Much like the first phase of analysis, there is no evidence in the Motion to support a cost-benefit analysis favoring derivative standing for the creditor in this case. Accordingly, the Motion must be denied.

## ARGUMENT

### A. WCP is in Breach of the Settlement Agreement

15. The Movant is not permitted to pursue this Motion based on the express terms of the Settlement Agreement. Until and unless there is a default by Cunningham, et al. ("Mr. Cunningham"), WCP is prohibited from pursuing *any* collection action.

> f. So long as the Cunningham Parties are not in default under this Settlement Agreement, the WCP Parties shall forbear from taking any collection action against the Cunningham Parties, including but not limited to refiling the Adversary Proceeding, provided, however, that proceeding with recourse permitted by any plan of reorganization confirmed by the Bankruptcy Court shall not constitute "collection action.".

Settlement Agreement at ¶5(f).

16. Movant seeks to avoid the terms of the Settlement Agreement by which it is bound by pursuing the novel (and inapplicable) remedy of "derivative standing,". If Mr. Cunningham had breached that agreement and the corresponding plan of reorganization in Case No. 23-00017, WCP retains its rights and remedies within the Settlement Agreement.

17. Further, by pursuing a collection action prohibited by the Settlement Agreement, WCP is now in first material breach of the Settlement Agreement, and therefore is not entitled to any recovery.

4

**B. WCP Lacks Standing to Pursue its Claims Derivatively**

18. The authority cited by the Movant in support of its argument is not only non-binding on this Court, but it also involves an entirely different set of facts.

19. WCP lacks standing to assert claims against Debtor or Mr. Cunningham based on speculative damages if the Property is foreclosed.

20. WCP retains its rights in the promissory note executed by the Debtor and the guarantors, including Mr. Cunningham. That note is not in default.

**C. The Existence of The Present Case Adds No Value to The Movant.**

21. WCP could not seek relief in Case No. 23-00017, could not initiate an involuntary bankruptcy proceeding, and could not file the Motion in the previous bankruptcy case.

22. WCP cannot now grant itself "additional rights" that it does not have by claiming causes of action flowing from the Debtor. WCP is precluded from pursuing its own claims by using derivative standing as a trojan horse.

23. WCP's rationale for derivative standing is without logical basis. Whether Mr. Cunningham's actions gave rise to an earlier adversary proceeding against the Debtor is immaterial given the fact that the parties settled the matter without admitting liability. *See* Settlement Agreement at ¶9. Debtor granted WCP a promissory note pursuant to the terms of the agreement, and that note has not yet matured. When the note is paid, all parties including the guarantors are to be released. WCP's argument is not only presented in the wrong case, but also not yet ripe to support its motion for derivative standing.

5

### D. Movant has Not Satisfied Any of the Factors to Support Derivative Standing

24. Additionally, the Movant has not satisfied its burden under the *Yelverton* factors.

25. Assuming *arguendo* that the claims as asserted are "colorable," while the creditor did send a letter to the Debtor requesting action, the Debtor justifiably refused to initiate an adversary proceeding within the arbitrary timeframe set forth by WCP. The refusal was grounded in the belief that this case is not the appropriate forum to resolve such issues, as detailed in the Debtor's response letter. Therefore, the Debtor did not "unjustifiably refuse" to pursue the claims.

26. *Yelverton* clearly articulated that a creditor's request for derivative standing must be supported by competent evidence, such as affidavits or oral testimony at an evidentiary hearing. *See* 2012 WL 1229752, at *9. Merely asserting that "the trustee's refusal is unjustified" without such evidence does not meet the burden of proof. *Id*. The Motion lacks this necessary evidence. Instead, the Motion relies wholly on unsupported assertions that Mr. Cunningham committed fraud, based on an adversary proceeding that was settled without any admission of fault. This cannot serve as competent evidence of fraud or support the creditor's claims.

27. The Debtor's refusal to pursue the claims was a reasoned decision based on the specifics of this case. The Debtor argued that pursuing these claims would not add utility to the estate and suggested alternative legal remedies for the creditor. This response is not indicative of an unjustifiable refusal but a strategic decision to preserve the estate's resources.

28. Moreover, the motion is devoid of a cost-benefit analysis. There is no demonstration that the claims would benefit the estate. Instead, the potential delay and costs associated with the speculative litigation are not justified.

WHEREFORE, for the reasons stated hereinabove, 1616 27th Street Flats, L.L.C. prays

that this Honorable Court deny WCP's Motion for Derivative Standing, and that the Debtor have such other and further relief as this Court may deem just.

Date:   July 22, 2024             **1616 27th Street Flats, L.L.C.,**
                                                     **By Counsel**

                                                     /s/ John E. Reid
                                                     Jeffery T. Martin, Jr., Bar No. VA18328
                                                     John E. Reid, D.C. Bar No. 473541
                                                     Martin Law Group, P.C.
                                                     8065 Leesburg Pike
                                                     Suite 750
                                                     Vienna, VA 22182
                                                     703-834-5550 Office
                                                     jeff@martinlawgroupva.com
                                                     Counsel for Debtor

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY on this 22nd day of July 2024, that a copy of the foregoing was served via the Court's CM/ECF System on the United States Trustee and all parties requesting notice.

                                                     /s/ John E. Reid
                                                     John E. Reid